The Honorable Jonathan S. "Jon" Fitch State Senator Chair, Legislative Joint Auditing Committee 172 State Capitol Little Rock, AR 72201-1099
Dear Senator Fitch:
This letter is in response to your request for an opinion on the following question:
 May Little River County purchase an automobile to be used by the County Judge from the proceeds of a sales and use tax restricted for the operation of a solid waste management system?
RESPONSE
Under the circumstances as you have described them and as reflected in the materials you have supplied, it is my opinion that the automobile purchase is unconstitutional pursuant to Ark. Const. art. XVI § 11.
The following are the facts as I understand them. In 1995, pursuant to A.C.A. § 26-73-113, the voters of Little River County passed a one-half percent sales and use tax, the purpose of which was described on the Official Ballot as being "financing the operation of a Solid Waste Management System." Ordinance No. 95-7, adopted immediately following this election, stated the purpose of the legislation in precisely the same language. In November 1996, the Little River County Judge purchased a 1997 Ford Crown Victoria — apparently exclusively for his own official use — financing the purchase from the Landfill Fund, which was funded by the tax. In an Audit Report for the year ending December 31, 1997, the Division of Legislative Audit of the Legislative Joint Auditing Committee criticized this purchase in the following terms: "The purchase of a County Judge's car from this fund would be contrary to the restrictions placed on the use of this sales and use tax. The County could not document the expenditure as solely a solid waste expenditure." The Division of Legislative Audit reached this conclusion despite the fact that the County Judge, in correspondence dated May 4, 1999, sought to justify the purchase to the Division's Field Audit Supervisor as follows:
 I feel I am justified in taking the funds for the 1997 Crown Victoria out of Landfill Funds, due to the fact that I spend the greatest part of my time dealing with Solid Waste meetings, checking on the routes of the house to house pick-up.
As noted, I believe the County Judge's action is clearly barred by Ark. Const. art. XVI § 11, which provides:
 No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.
Even accepting as true the County Judge's claim that he devoted the majority of his time to touring solid-waste pickup routes, nothing in the record supports the conclusion that the Crown Victoria was purchased for the sole purpose of such activities. Both the Official Ballot and Ordinance No. 95-7 identify as the sole purpose of the tax the financing of the solid waste management system. On its face, then, any use of tax revenues for any other purpose — such as, for instance, providing the County Judge with transportation for any non-waste management related purpose — would run afoul of constitutional imperatives. See generally
Opinion No. 90-313 (tax revenue collected to build correctional facility cannot constitutionally be used to build courthouse); Opinion No. 98-189
(unconstitutional to use tax proceeds for any purpose other than specified in language of ordinance and ballot title) (copies enclosed).
The appropriateness of the conclusion just stated is illustrated inSpecial School District of Fort Smith #100 v. Sebastian County,227 Ark. 326, 329, 641 S.W.2d 702 (1982), in which the Supreme Court ruled that when the statutory collector's commission exceeded the cost of collecting an ad valorem tax for the benefit of a school district, it was unconstitutional to divert the excess to the sheriff's department rather than refunding it to the school district. Likewise, in the present case, any use of the tax proceeds for any purpose other than solid waste management is constitutionally impermissible.
As suggested above, my opinion might differ if the vehicle had been purchased with tax dollars for the sole and reasonable purpose of waste management inspection. However, by the County Judge's own admission, such is not the case here. Under the circumstances, I believe Little River County could constitutionally encroach on tax revenues only to defray over time those mileage — and depreciation-related expenses on the vehicle attributable to waste management activities, and only then if supported by a properly documented annual accounting.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh